IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| CONNIQUA T. WHITESIDE, <br><br> Plaintiff, <br><br> vs. <br><br> GLOBAL LENDING SERVICES, LLC, <br><br> Defendant. | Civil Action No.: 6:22-cv-1497-TMC-JDA <br><br><br> **COMPLAINT** <br> **(JURY TRIAL DEMANDED)** |

The Plaintiff above named, complaining of the acts of the above-named Defendant, states as follows:

PARTIES AND JURISDICTION

1. Plaintiff, Conniqua T. Whiteside ("Plaintiff"), is a resident and citizen of the County of Greenville, State of South Carolina.

2. Upon information and belief, the Defendant Global Lending Services, LLC, ("Defendant") is a limited liability company incorporated in the state of Delaware corporation. Defendant does business and maintains an office and agents in the County of Greenville, State of South Carolina.

3. This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000e ("Title VII"), 42 U.S.C. §12101 (the "Americans with Disabilities Act of 1990, or the "ADA"); 28 U.S.C. §1331, 29 U.S.C. §2601 (the Family and Medical Leave Act of 1993, or the "FMLA") and 42 U.S.C. §1981.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

5. Venue for all causes of action stated herein lies in the District of South Carolina, Columbia Division pursuant to 28 U.S.C. § 1391(b), in that the Plaintiff resides in the district, Defendant

does business in the district, and a substantial part of the events giving rise to Plaintiff's claims occurred in the district.

6. Defendant is an employer with 15 or more employees and otherwise subject to Title VII, the FMLA, and the ADA.

7. Plaintiff timely filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the South Carolina Human Affairs Commission ("SCHAC") alleging discrimination based upon color, race, disability and retaliation.

8. On or about March 17, 2022, Plaintiff received a right to sue notice from the EEOC regarding the complaint described above.

9. That Plaintiff timely filed the foregoing action within ninety (90) days of the date on which she received the notice of right to sue described above.

10. Plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for the maintenance of this action.

11. Plaintiff is an African-American female.

12. Defendant is in the business of providing sub-prime lending services for private automobile purchases.

13. On or about January 7, 2019, Plaintiff was hired by Defendant as an Associate Dealer Funding Specialist.

14. As an Associate Dealer Funding Specialist, Plaintiff assisted in organizing and preparing applications for closure of auto loans.

15. On or about February 25, 2019, Plaintiff was promoted to the position of Dealer Funding Specialist.

16. Plaintiff was most recently assigned to the Defendant's Office Located at 1200 Brookfield Blvd. Suite 300, Greenville, SC 29607 (the "Office"). The Office is operated by Defendant.

17. During Plaintiff's employment with Defendant, she suffered from a disability as defined by the ADA.

18. Plaintiff and other employees in similar positions as Plaintiff reported to managers and supervisors including, but not limited to, Brian Paz ("Paz").

19. Upon information and belief, Paz is a Hispanic-American male.

20. While employed with Defendant, Plaintiff performed her job duties, met or exceeded her employers' expectations, and maintained an acceptable employment record with Defendant.

21. In July 2019, Paz placed Plaintiff on a "final warning" due to attendance even though Paz was aware Plaintiff's attendance was not hindering her job performance.

22. As a result of being placed on a "final warning," Plaintiff did not qualify for certain bonuses and other incentives.

23. On or about August 16, 2019, Plaintiff reported to the human resources department that she was being subject to discrimination, harassment, and a hostile work environment by Paz.

24. Subsequent to Plaintiff's August 16, 2019, report to human resources, Paz began to retaliate against Plaintiff by reassigning accounts to other Caucasian-American employees.

25. The reassignment of accounts negatively affected Plaintiff's ability to meet goals and qualify for certain bonuses and other incentives.

26. Paz would routinely approve leave requests and schedule modifications for Caucasian-American employees, but would deny similar requests made by Plaintiff.

27. On or about August 26, 2019, Plaintiff reported Paz's actions with respect to the reassignments to human resources.

28. On or about August 30, 2019, Plaintiff met with the senior department manager of Defendant's human resources department. During this meeting, the department manager confirmed that Plaintiff was being treated unfairly.

29. Plaintiff's reports were not investigated or otherwise addressed by Defendant. Instead, Plaintiff was mistreated, intimidated, retaliated against, and subjected to a hostile work environment by Defendant.

30. In or about January 2020, Plaintiff was interviewed for a promotion in the buying department.

31. During the January 2020 interview, Plaintiff was told she would be a good fit in the buying department.

32. In or about March 2020, Plaintiff was informed she would not receive the promotion to the buying department. Instead, Defendant hired a Caucasian-American with less experience than Plaintiff.

33. On or about August 17, 2020, Plaintiff reported, by way of email, that she was subjected to a hostile work environment. In her August 17, 2020, report, Plaintiff copied Defendant's founder Doug Duncan to the August 17, 2020, email. Plaintiff's reports were not investigated or otherwise addressed by Defendant. Instead, the mistreatment, intimidation, retaliation, and hostile work environment by Defendant continued and intensified.

34. After Plaintiff's August 17, 2020, report, her supervisors told her to stop contacting the company's founder.

35. In or about August 2020, Plaintiff was diagnosed with anxiety and panic attacks. Plaintiff's diagnosis is a disability covered by the ADA.

36. On or about September 29, 2020, Plaintiff was approved for disability benefits.

37. Between August 20, 2020, and November 20, 2020, Plaintiff took leave under the FMLA. This leave was approved by Defendant.

38. In or about December 2020, Plaintiff received accommodations from her employer due to her disability.

39. In November 2020 and December 2020, Plaintiff applied for various positions with Defendant. Plaintiff was not selected for any position even though she was qualified for each of these positions.

40. On or about January 6, 2021, Plaintiff was told by her supervisor that she was not selected for the positions she applied due to her inability to fit in with the company "from a cultural standpoint."

41. The "cultural standpoint" that prevented Plaintiff from being promoted is her race.

42. The "cultural standpoint" that prevented Plaintiff from being promoted is her Disability.

43. The "cultural standpoint" that prevented Plaintiff from being promoted is reference to her decision to report violations of Title VII.

44. On or about February 9, 2021, Defendant terminated Plaintiff's employment.

FOR A FIRST CAUSE OF ACTION:
VIOLATION OF TITLE VII
DISCRIMINATION BASED ON RACE/COLOR

45. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

46. Plaintiff, as an African-American, is a member of a protected class under Title VII.

47. Throughout her employment with Defendant, Plaintiff was performing her job satisfactorily.

48. Plaintiff was subjected to adverse employment actions by her employer and agents of her employer including, but not limited to, bullying, intimidation, being denied promotions, being denied interviews for promotions, and being terminated from her employment.

49. Plaintiff's treatment was different from similarly situated employees outside her protected class.

50. There is additional evidence that gives rise to an inference of unlawful race-based discrimination to include, but not limited to Plaintiff's supervisors making comments that she, as an African-American, did not fit the culture of the business, was overly vocal, and argumentative. These descriptions were meant as an insult to Plaintiff, as an African-American.

51. Defendant's behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

52. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

53. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendant.

FOR A SECOND CAUSE OF ACTION:
VIOLATION OF TITLE VII
RETALIATION

54. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

55. That as alleged above, Plaintiff complained to Defendant on several occasions that she was being discriminated against based on her disability and race.

56. That Plaintiff's complaints were made in good faith, and constitute protected activity under Title VII.

57. Defendant's actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

58. Plaintiff, on numerous occasions, complained to Defendant about the above-described race-based discrimination and hostile work environment and Defendant was on notice that it was occurring.

59. Despite being notified of the above-mentioned conduct, Defendant wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendant continued to subject Plaintiff to race-based discrimination in violation of Title VII.

60. Subsequent to and in retaliation for Plaintiff making complaints, Defendant created and allowed the work environment to be so hostile that no person could have withstood such treatment.

61. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

62.     Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

FOR A THIRD CAUSE OF ACTION:
VIOLATION OF TITLE VII
HOSTILE WORK ENVIRONMENT

63.     Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

64.     During Plaintiff's employment, she was subjected to an unwelcome and hostile environment created by Defendant and its agents.

65.     The hostile environment Plaintiff was subjected to was based on her disability and race.

66.     Plaintiff was subject to additional harassment because Plaintiff made complaints about discrimination and retaliation.

67.     Defendant's behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

68.     The hostile environment was sufficiently severe and pervasive to alter the conditions of her employment. Specifically, Defendant knew about, created, cultivated, and allowed the work environment to be so hostile Plaintiff was forced to take a leave of absence from work.

69.     That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing,

character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

70. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendant.

FOR A FOURTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
RACE DISCRIMINATION

71. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

72. Plaintiff is African-American.

73. Throughout her employment with Defendant, Plaintiff was performing her job satisfactorily.

74. Plaintiff was subjected to adverse employment actions by her employer and agents of her employer including, but not limited to, bullying, intimidation, being denied promotions, being denied interviews for promotions, and being terminated from her employment.

75. Plaintiff's treatment was different from similarly situated employees outside her protected class.

76. There is additional evidence that gives rise to an inference of unlawful race discrimination to include, but not limited to Plaintiff's supervisors making comments that she, as an African-American, did not fit the culture of the business, was overly vocal, and argumentative. These descriptions were meant as an insult to Plaintiff, as an African-American.

77. Defendant's behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

78. Defendant's actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

79. Plaintiff, on numerous occasions, complained to Defendant about the above-described race discrimination and hostile work environment and Defendant was on notice that it was occurring.

80. Despite being notified of the above-mentioned conduct, Defendant wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendant continued to subject Plaintiff to race discrimination in violation of 42 U.S.C. 1981.

81. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

82. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from the Defendant

83. But for Plaintiff's race, Defendant would have properly investigated Plaintiff's complaints and would not have allowed the hostile environment to continue in the Office.

84. But for Plaintiff's race, Defendant would not have discriminated against Plaintiff.

85. But for Plaintiff's race, Defendant would have promoted Plaintiff.

86. But for Plaintiff's race, Defendant would not have terminated Plaintiff.

87. Plaintiff was discriminated against in violation of 42 U.S.C. 1981.

88. As a result of Defendant's actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

89. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and he is entitled to recover punitive damages from Defendant.

FOR A FIFTH CAUSE OF ACTION:
VIOLATION OF 42 U.S.C. 1981
RETALIATION

90. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

91. That as alleged above, Plaintiff complained to Defendant on several occasions that she was being harassed and discriminated against because of his race.

92. That Plaintiff's complaints were made in good faith, and constitute protected activity under 42 U.S.C. 1981.

93. Subsequent to and in retaliation for Plaintiff making complaints, Defendant created and allowed the work environment to be so hostile Plaintiff was forced to take a leave of absence.

94. In retaliation for Plaintiff making complaints, defendant failed to promote Plaintiff.

95. In retaliation for Plaintiff making complaints, defendant terminated Plaintiff's employment.

96. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

97. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

<u>FOR A SIXTH CAUSE OF ACTION:</u>
<u>VIOLATION OF 42 U.S.C. 1981</u>
<u>HOSTILE WORK ENVIRONMENT</u>

98. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

99. During Plaintiff's employment, she was subjected to an unwelcome and hostile environment created by Defendant and its agents.

100. Defendant's conduct as described above was unwelcome.

101. The hostile environment Plaintiff was subjected to was due to her race.

102. Plaintiff was subject to additional harassment because Plaintiff made complaints about discrimination and retaliation.

103. Defendant's actions as alleged above created a work environment that a reasonable person would find to be harassing, hostile, and abusive.

104. Plaintiff, on numerous occasions, complained to Defendant about the above-described race-based discrimination and hostile work environment and Defendant was on notice that it was occurring.

105. Despite being notified of the above-mentioned conduct, Defendant wholly failed to take prompt and effective remedial action to end the illegal conduct and Defendant continued to subject Plaintiff to race-based discrimination in violation of 42 U.S.C. 1981.

106. Defendant's behavior humiliated Plaintiff, unreasonably interfered with her work performance, affected the terms, conditions, and privileges of her employment and otherwise caused Plaintiff severe psychological and physical harm.

107. The hostile environment was sufficiently severe and pervasive to alter the conditions of her employment. Specifically, Defendant knew about, created, cultivated, and allowed the work environment to be so hostile Plaintiff was forced to take a leave of absence from work.

108. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

109. Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of Plaintiff and, therefore, Plaintiff is entitled to recover punitive damages from Defendant.

FOR A SEVENTH CAUSE OF ACTION
ADA DISCRIMINATION

110. Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

111. While employed with Defendant, Plaintiff performed her job duties, met or exceeded her employers' expectations, and maintained an acceptable employment record with Defendant.

112. Plaintiff is a qualified individual with a disability under the ADA and maintained that status during her employment with Defendant.

113. Defendant knew Plaintiff suffered from a disability and treated her as an individual with a disability.

114. Plaintiff was subjected to adverse employment actions by her employer and agents of her employer including, but not limited to, bullying, intimidation, being denied promotions, being denied interviews for promotions, and being terminated from her employment.

115. There is additional evidence that gives rise to an inference of unlawful disability discrimination to include, but not limited to Plaintiff's supervisors making comments that she, as a disabled person, did not fit the culture of the business, Plaintiff being denied a reasonable accommodation after a similar accommodation was granted, and being terminated subsequent to requesting a reasonable accommodation.

116. The adverse employment actions undertaken by Defendant were based on Plaintiff's disability.

117. As a result of Defendant's actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to

professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

118.  Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, and maliciously. Therefore, Plaintiff is entitled to recover punitive damages from Defendant.

FOR AN EIGHTH CAUSE OF ACTION:
RETALIATION IN VIOLATION OF THE FMLA

119.  Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

120.  While employed with Defendant, Plaintiff requested, and was approved for, leave under the FMLA.

121.  Defendant, directly, and through its employees, disciplined Plaintiff for taking FMLA leave.

122.  Subsequent to and in retaliation for Plaintiff requesting FMLA leave, Defendant denied plaintiff promotions, bonuses, and terminated Plaintiff's employment.

123.  That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

124.  Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant

## FOR A NINTH CAUSE OF ACTION
## NEGLIGENT SUPERVISION

125.   Plaintiff hereby realleges each and every allegation contained in the Paragraphs above as fully as if set forth herein verbatim.

126.   Defendant failed to properly supervise its employees who intentionally caused harm to Plaintiff by creating a hostile environment, retaliating against Plaintiff, and discriminating against Plaintiff while on Defendant's premises.

127.   Defendant has anti-harassment, and anti-discrimination polices that it requires its employees to be aware of and follow.

128.   Defendant knew or had reason to know it had the ability to control its employees and prevent Plaintiff from being subjected to discrimination, retaliation, and a hostile environment.

129.   Defendant knew or had reason to know of the necessity and opportunity to exercise control of the employees that were subjecting Plaintiff to discrimination, retaliation, and a work hostile environment.

130.   Defendant failed to take steps to ensure its employees, including those in supervisory positions, followed its policies even when it knew its policies were not being followed.

131.   As a result of Defendant's actions, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

132. Defendant's actions as set forth above were undertaken negligently, willfully, wantonly, recklessly, and maliciously. Therefore, Plaintiff is entitled to recover punitive damages from Defendant.

FOR A TENTH CAUSE OF ACTION
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

133. The allegations of the preceding paragraphs are repeated and incorporated herein by reference.

134. Defendant intentionally and recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from her conduct.

135. The conduct of Defendant was so extreme and outrageous that is exceeded all possible bounds of decency, was atrocious, and is utterly intolerable in a civilized community.

136. Defendant's conduct caused Plaintiff to suffer extreme and severe emotional distress such that no reasonable person could be expected to endure it.

137. As a direct and proximate result of the actions of Defendant, Plaintiff sustained damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

WHEREFORE, Plaintiff requests a jury trial on all causes of action and prays for the following relief against Defendant: for such amount of actual and special damages as the trier of fact may find, (including lost back and future wages, income and benefits, expenses associated with finding other work, severe psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation,

loss to professional standing, character and reputation, and physical and personal injuries), punitive damages, the cost and disbursements of this action, including reasonable attorneys' fees, prejudgment interest and for such other and further relief as the court deems just and proper.

                RESPECTFULLY SUBMITTED,

                GAFFNEYLEWIS LLC

                s/*Emmanuel J. Ferguson, Sr.*
                Emmanuel J. Ferguson, Sr.
                Federal Bar #11941
                3700 Forest Drive, Suite 400
                Columbia, South Carolina 29204
                (803) 875-1925  telephone
                (803) 790-8841  facsimile
                eferguson@gaffneylewis.com

                *Attorney for Plaintiff*

May 10, 2022
Columbia, South Carolina